James CLIFTON *v.* Claudia Marie BROWN by Lee Wm. BROWN, as her next friend

5-5974                                                 484 S.W. 2d 884

Opinion delivered October 2, 1972

*Charles W. Baker, William L. Owen* and *Sam Robinson,* for appellant.

*James L. Sloan,* for appellee.

FRANK HOLT, Justice. Appellant owns and operates a trailer court which was traversed by a driveway leading to a public highway at each exit. The appellee, when six years of age, while crossing the appellant's trailer court street, was struck and injured by an automobile driven by Jack Conrad. Appellee brought this action against the owner of the trailer court, James Clifton, and Conrad, the driver. of the vehicle, to recover damages for permanent injuries suffered from the accident. The jury awarded appellee $13,940 against both defendants. Only Clifton brings an appeal.

Appellee and her parents lived as tenants in Clifton's trailer court. Appellant required his tenants to sign a rental agreement which required them to drive at a speed limit of 5 miles per hour through the park. The appellee adduced evidence, contradicted by appellant, that no speed signs or adequate speed brakers were installed or maintained at the entrances or inside the park. There was, also, evidence that the appellant's co-defendant, the driver of the vehicle, who was not a tenant, used the trailer court street at excessive rates of speed and that complaints were made to appellant and his son about Conrad's driving habits. It appears that Conrad used the park road several times on some days.

It is appellant's contention for reversal that the court erred in failing to give instruction No. 6 requested by him which would have specifically told the jury that if it found appellee was injured due to Conrad's negligence it could not find against the appellant-owner, Clifton, unless it further found that Clifton was negligent and that his negligence was a proximate cause of appellee's injury; also, that the court erred in refusing his instruction No. 5 to the effect that before appellant or Conrad could

be liable the jury would have to find that the appellee "was injured by reason of negligence on the part of" Conrad, the driver of the vehicle, "at the time of the injury." Even if we take the offered instructions to conform to AMI standards, i.e., not argumentative or slanted, and concede, arguendo, that appellant was entitled to have the jury so advised, we do not find any prejudicial error.

The court gave AMI 106, 203, 502 and 2111 (as modified). Our Model Jury Instructions (AMI) were designed to prevent the duplication of instructions. Appellant's proffered instruction No. 6 contained language that would have constituted an unnecessary duplication of parts of these AMI instructions. Nor can we agree with appellant's argument that the court incorrectly gave AMI 203 without including the final bracketed paragraph. The negligence of the appellee-claimant was made an issue in the case by way of an affirmative defense. In such a situation, the drafters of AMI, p. 13, noted: "Do not use the final bracketed paragraph when affirmative defenses such as negligence of the claimant or assumption of risk are in issue." The note then suggests that AMI 206 be given which the court did.

Appellant further argues that his alleged negligence is inseparable and wholly dependent upon the negligence of his co-defendant, Conrad. Therefore, appellant asserts that his instruction No. 5 to that effect should have been given. The court correctly gave AMI 106 which instructed the jury that it could consider the allegations and evidence of negligence against appellant and his co-defendant separately and individually.

The evidence, based upon the pleadings, constituted issues of fact for the jury. The jury returned a general verdict, to wit:

> "We, the jury, find for the plaintiff, Claudia Brown, on her complaint against James Clifton and Jack Conrad, and assess her damages in the sum of $13,-940.00."

Obviously, the jury believed appellee's version which was that the appellant failed to install speed signs, ade-

quate speed breakers, and enforce the driving restrictions contained in appellant's own rental agreement; also, that appellant was aware of Conrad's frequent driving through the trailer park at excessive speeds and failed to use reasonable means to prevent this hazard. The instructions, as a whole, told the jury that the appellee could not recover from appellant unless appellant was negligent and his negligence was a proximate cause of appellee's injuries. We can only construe the jury verdict to constitute a finding that Conrad was negligent and that his negligence constituted a proximate cause of appellee's injury and that the negligence of Clifton was a concurring proximate cause. Consequently, we find that even if there was error in failing to advise the jury of the necessity of finding Conrad's negligence to have been a proximate cause of the injury before Clifton was liable, it was harmless.

Affirmed.